## McCOMBS v LANDES

Ohio Appeals, 3rd Dist, Marion Co
No 717.   Decided April 2, 1930

Mouser, Young, Mouser & Wiant, Marion, for McCombs.

Carhart & Warner, Marion, for Landes.

JUSTICE, J.

Two specifications of error are presented. One of them pertains to the charge, and the other relates to the sufficiency of the evidence.   The trial court, in part, charged the jury as follows:

"The plaintiff cannot recover unless she has shown by a preponderance of the evidence that at the time of the accident of which she complains, she herself was in the exercise of due and ordinary care for her own safety."

This is wrong.   In **Columbus Railway Co. v. Ritter, 67 OS. 53,** our Supreme Court held:

"The court erroneously placed upon the plaintiff below the burden of disproving contributory negligence charged in the answer, as part of her case in chief. Such has never been the law of this state."

True, the trial court later in the charge, correctly placed the burden of proving the alleged contributory negligence upon the defendant, but it is well settled law in this state that a court will not presume that the jury followed the correct rule to the exclusion of the incorrect rule.

In **Swisher v. Krabaugh, 25 Ohio Appellate Reports, 233,** the court held:

"Where instructions are contradictory or present conflicting rules of law which might lead to different results, such instructions are erroneous and prejudicial."

Manifestly, the trial court erred in the charge in this respect.   In all other respects, however, the charge, when construed as a whole, is, in our opinion, free from prejudicial error.

It is insisted, however, by counsel for defendant that notwithstanding the erroneous charge, still the judgment must be affirmed upon the application of "the two issue rule," enounced in **Sykes v. Haverstick, 23 OS. 629.**   This rule, as stated by Judge **Matthias, in Cowley v. Bolander, 120 OS. 553-557, is as follows:**

"Where two issues are presented by the pleadings and submitted to the jury, and a general verdict is returned for one of the parties, and a finding in his favor upon either issue entitles him to a judgment, the issue having been tried and submitted without error the judgment so rendered will not be reversed for error relating exclusively to the other issue."

In the instant case two issues were presented, and a general verdict for defendant was returned.   Either one of the issues determines the controversy.   The erroneous instructions relate only to the issue of contributory negligence.   The question therefore naturally arises as to whether or not the other issue has been tried free from error.   If it has, under the rule above stated, the judgment at bar, notwithstanding the erroneous charge, must be affirmed; otherwise not.

It is urged, as a second specification of error, that the verdict is manifestly against the weight of the evidence.   In order to pass upon this proposition we were compelled to read the record.   Briefly stated, it discloses that on the evening of March 22, 1929, about the hour of 6:45 P. M., at the intersection of the Marion-Mt. Gilead road and the Columbus-Sandusky Highway

in Marion county, Ohio, two automobiles collided. One of them was a Willys-Knight, owned and driven by Charles F. McCombs. The other was a Ford, owned and operated by the defendant. McCombs was driving in a westerly direction upon the Marion-Mt. Gilead Road, which was a main thoroughfare. The defendant was driving in a southerly direction upon the Columbus-Sandusky Highway, which was not a main thoroughfare. Riding as a passenger in the Willys-Knight, was the plaintiff, wife of Charles F. McCombs. It was daylight at the time of the collision. McCombs was driving about twenty miles an hour, having slowed down his automobile as he approached the intersection. Plaintiff and Charles F. McCombs first saw the defendant 'approaching the intersection, about one hundred and fifty feet north thereof. Their view to the northward along said Columbus-Sandusky Highway, however, was unobstructed for a distance of several hundred feet. McCombs sounded his horn as he approached the intersection. There was a stop sign about seventy-five feet north of the intersection on the west side of the Columbus-Sandusky Highway. The defendant knew of its existence, having theretofore traveled upon said road. He, however, on the day of the collision did not observe or see said sign and did not stop prior to entering the intersection. He testified that he looked to the east before entering the intersection and did not see the oncoming Willys-Knight car. The Willys-Knight car was struck on the right side near or at the right hind wheel. The Ford was struck on the left side near or at the front left wheel. Defendant had an unobstructed view to the east along the Marion-Mt. Gilead Road for a distance of approximately a thousand feet. Plaintiff and her husband Charles F. McCombs testified that the Willys-Knight car entered the intersection first and was struck by the Ford automobile. Defendant and his wife, who was riding with him, testified that after entering the intersection the Ford automobile was struck by the automobile in which plaintiff was riding. According to Charles F. McCombs' testimony, defendant, some few days after the collision, stated to him "that he was awfully sorry that he ran into them", meaning plaintiff and Charles F. McCombs, and that he "knew there was a stop sign but he ran through it." Defendant, however, denied making such a statement. After the collision the Willys-Knight car was located about forty feet west of the intersection on the south side of the Marion-Mt. Gilead Road and the Ford automobile was located south of said Marion-Mt Gilead Road near the southwest corner of said intersection. The plaintiff, by reason of the collision, was seriously injured. The record discloses other facts, but they are not controlling and hence are not set forth.

With such facts before us, established, as we believe, by the greater weight of the evidence, we are unanimously of the opinion that the verdict upon the issue of the alleged negligence of the defendant is not sustained by sufficient evidence. It therefore follows that the "two issue rule" can have no application in this case and hence cannot save the judgment, as under the rule of law enounced in **Merrick v. Boury, 4 OS, 60,** and kindred cases, it becomes our duty to set aside the verdict and award a new trial.

Holding these views, it follows that the judgment of the court of common pleas should be reversed.

Before Judges Hughes, Justice & Crow.