## MULCAHY v DIETRICK

Ohio Appeals, 3rd Dist, Henry Co
No 217. Decided Mar 18, 1931

Dittmer & Hess, Napoleon, for Mulcahy.

Donovan & Williamson and James Donovan, Jr., Napoleon, for Deitrick.

JUSTICE, PJ.

The sole claim of error assigned in the brief of plaintiff in error, and hence the only one we are required, under §12248 GC, to consider and determine, is, error in the charge.

The trial court, in part, charged the jury as follows:

"Members of the Jury, I instruct you as a matter of law in this case, that in order to authorize the plaintiff to recover, he must prove by a preponderance of the evidence that the defendant falsely and maliciously spoke of and concerning the plaintiff, the words substantially as charged in plaintiff's amended petition to some person or persons other than the plaintiff and that such words if spoken were spoken of plaintiff falsely and maliciously and to his injury and that if you so find by a preponderance of the evidence you should find in favor of

the plaintiff in such sum as you find from the evidence he has sustained.

"And on the contrary if you fail to find by a preponderance of the evidence that the defendant falsely and maliciously spoke of and concerning plaintiff, the words substantially as charged in plaintiff's petition, and if you fail to find that the defendant was injured in his reputation as a school teacher of public schools and that said statements were uttered falsely and maliciously of plaintiff by the defendant then your verdict should be for the defendant, 'No cause of Action.'"

This is wrong. The words, alleged to have been uttered, relate to plaintiff's occupation and impute to him want of capacity as a school teacher, and also unprofessional conduct. These words are, therefore, actionable per se.

In **Hayner v Cowden, 27 Oh St 292,** our Supreme Court held:

"Words, charging a clergyman with drunkenness, when spoken of and concerning him in his office or calling, are actionable per se."

In this case, Judge Wright on page 295, said:

"Are words which charge a minister of the gospel with drunkenness, when spoken of him in his profession or calling, actionable per se? We answer that they are. We understand the rule to be, that words spoken of a person, tending to injure him in his office, profession or trade, are thus actionable."

To like import is the text in Volume 17, Ruling Case Law, page 310, Section 50.

Inasmuch as the words alleged to have been spoken, are clearly actionable per se, it follows as a matter of law that malice is presumed. Volume 17, Ruling Case Law, page 322, Section 65. Plaintiff, therefore, was not required to prove malice, and the trial court in so charging, put upon him a burden unwarranted in law, which was prejudicial to him and hence constitutes reversible error.

In coming to this conclusion we are not unmindful that a general verdict was returned. But none of the issues, determinative of the controversy, were tried and submitted free from error, and hence the two issue rule cannot save the judgment. **McCombs v Landes, 35 Oh Ap, 164.**

Inasmuch as this case may be retried, it seems fitting to say in view of the record, that justification cannot be proven under a general denial. **Duval v Davey, 32 Oh St,** 604-610.

Holding these views, it follows that the judgment of the Court of Common Pleas should be reversed. Judgment reversed and cause remanded.

CROW and KLINGER, JJ, concur.