## KINNEY v SCHMIDT

Ohio Appeals, 2nd Dist, Montgomery Co

No 1144.  Decided Dec 8, 1932

Clifford Curtner, Dayton, for plaintiff in error.

Marshall & Harlan, Dayton, for defendant in error.

HORNBECK, J.

The brief of plaintiff in error is extended and deals at considerable length with the claimed grounds of error under four headings, which we will consider in their order.

I. THAT THE COURT IN ITS GENERAL CHARGE IMPROPERLY COMMENTED UPON THE EVIDENCE.

Several instances are cited wherein it is claimed the court invaded the province of the jury by referring to the evidence in a manner giving undue prominence to certain phases thereof. Suffice to say that a careful examination of the charge is convincing that the court very carefully and properly, and in a most commendable manner defined the issues and set forth the claims of the parties as appearing from the evidence, so that the jury might have a full and definite comprehension of the disputed questions for their determination. It is incumbent upon a trial court to define the issues and in order to do so properly, the court should set forth by concrete statement rather than by reference to the pleadings, wherein the differences of fact are to be found in the evidence. This, in so far as we can see, was what the trial court did in this case. Objection is made that the court said,

"The evidence indicates that the bridge on which the accident occurred was not seen by Mr. Harris until his automobile had come to a sign indicating that the bridge was a narrow bridge."

The court here uses the word "indicate" as "tending to show" which is a common and proper form of referring to subject matter upon which evidence has been offered. We find nothing objectionable in the charge of the court under this head, on the contrary we find the charge to have been lucid and proper.

II. THAT THE COURT ERRED IN CHARGING CONTRIBUTORY NEGLIGENCE WHICH WAS NOT MADE UP BY THE ISSUES AND THE EVIDENCE.

Doubt arises in the mind of any judge who has to deal with this question, if contributory negligence should be charged against a passenger riding in a rear seat who is injured in an automobile accident. However, the law is well established now that the ordinary test of due care is applied to the passenger as it is applied to the drivers of the cars which come in collision. After all, it only requires that the passenger do that which a passenger under like circumstances in the exercise of ordinary care would be required to do. The trier of the facts, no doubt, in applying this rule would generally say that there is little that a passenger could or should do to direct the driver of the car in its management. Though back seat driving is to be abhorred, there may be occasions where a passenger is in position to see and note evidences of danger when ordinary care would require that he do something by way of warning. The procedure adopted by the trial court in this case was proper. There was no error in the court determining that contributory negligence was brought into the case not by the pleadings but by the evidence.

III. THAT THE COURT ERRED IN ITS GENERAL CHARGE IN THAT IT CHARGED A GREATER DUTY AND BURDEN OF PROOF ON THE PLAINTIFF THAN THE LAW REQUIRES.

This presents the one and only serious question on this record. On the subject matter under consideration the court charged as follows:

"The burden of proof is upon the plaintiff to prove that he was without negligence proximately contributing to the accident; and must prove that the accident was due to the sole negligence of the defendant, or the combined and concurrent negligence of the defendant and the driver of the automobile in which he was a passenger. It was suggested by the evidence in the claim of defendant that the plaintiff was guilty of some contributory negligence. If you find that there is any suggestion of evidence that plaintiff might be guilty of contributory negligence you will have to find that

the negligence proximately contributed to the accident."

It will be noted that that portion of the charge just quoted relates to the burden of proof. It has been held many times in Ohio that an erroneous instruction as to the burden of proof is reversible error. **Schmaltich v Taft, 19 N.P. (N.S.) 513** affirmed Court of Appeals **10 Oh Ap, 289.** Motion to certify overruled by Supreme Court, **17 OLR, 94. McNutt v Kauffman, 26 Oh St, 127; List & Son v Chase, 80 Oh St, 42; Newman Manufacturing Co. v Fisher, 81 Oh St, 499; Dykeman v Johnson, 83 Oh St, 126.**

The first paragraph of the charge quoted relates to the burden of proof generally and the second to contributory negligence only. It is not necessary to cite authorities to establish the law that the burden of proof is not upon the plaintiff to prove that he is without negligence. The burden of proof upon the plaintiff is to show the negligence of the defendant and the burden of disclosing contributory negligence of the plaintiff, if any, is upon the defendant, unless upon the plaintiff's own evidence an inference may fairly arise that he is negligent, whereupon it is incumbent upon him to counter balance that inference by a fair consideration of all of the evidence. **Tresise v Ashdown, 118 Oh St, 308.** There may be a suggestion of contributory negligence appearing from the testimony adduced by the plaintiff which may be counter balanced or even dispelled by other evidence forthcoming. It is not the suggestion of contributory negligence which necessarily establishes it, but a fair consideration of all the evidence whether or not it appears.

The charge was erroneous in placing the burden of proof on the plaintiff to show he was free from negligence as he never originally is charged with that burden and as the charge could apply to both issues in the case, namely, the negligence of the defendant and the contributory negligence of plaintiff, the two issue rule can not be made to apply. **Knisely v Traction Co., 125 Oh St, 131,** Ohio Bar May 9, 1932 and **Binder v R. R. Co., 125 Oh St, 193,** Ohio Bar May 30, 1932.

The language in the second paragraph of that portion of the charge heretofore quoted was unfortunate because we believe that it was susceptible of misinterpretation. We would not disturb it because of the use of the word "suggestion" instead of "inference" or "presumption", although criticism is directed against the use of "suggestion" in the opinion of **Smith v Lopa, 123 Oh St, 216, 217.** Undoubtedly what the court meant to convey to the jury was that if they found a suggestion of negligence in the record on the part of plaintiff, it would be necessary that they further find that such negligence proximately contributed to the accident.

But the court in substance first said to the jury—"There is a suggestion from the evidence that the plaintiff was guilty of some contributory negligence" and Second, "If you so find you must find that such negligence contributed to the accident." This, no doubt, was an inadvertence but was tantamount in one interpretation to an instructed verdict for the defendant because of the contributory negligence of plaintiff. As contributory negligence can only be present when the negligence of the defendant appears the plaintiff could not have recovered under the charge though the negligence of the defendant was established.

It is further claimed that the court erred in saying to the jury,

"Plaintiff must prove his claim by a preponderance or weight of the evidence that it is more satisfying, more conclusive and more convincing."

A charge wherein the court said to the jury evidence must satisfy them has been disapproved, but a charge wherein the word is qualified by "more" and the expression is "more satisfying" has been approved. **Travelers Insurance Co. of Hartford, Conn. v Gath, 118 Oh St, 257.**

The fourth and final claim is under the heading, "OTHER ERRORS." We find no error in this case excepting in the particulars to which we have heretofore referred.

The judgment of the trial court will be reversed and the cause remanded for a new trial.

ALLREAD, PJ, and KUNKLE, J, concur.

ON MOTION FOR REHEARING

Decided Dec 27, 1932

BY THE COURT

Submitted on application of plaintiff in error for a rehearing. We are favored with an extensive brief on behalf of the application much of which is given to the claim that the court disregarded the determina-

tion of the Supreme Court that the two issue rule applies to general negligence and contributory negligence. With this determination we are in full accord and the principle was recognized and distinguished in our decision. The instance wherein the opinion quotes "the" instead of "that" is not of consequence in our judgment. We feel that we have discussed the questions presented fully in our former opinion and being of the same opinion as therein expressed the application will be overruled.

It is suggested that we certify this case as being in conflict with **McCombs v Landis, 35 Oh Ap, 164, (8 Abs 325)**. The court in McCombs v Landis, supra, reiterates the two issue rule as applied to negligence and contributory negligence and holds that contradictory instructions as to the burden of proof are prejudicial.

We observe no conflict in the controlling theory of the decision in the instant case with the decision in the McComb case and the application for certification will therefore be overruled.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.