## DABNEY *v.* RUSSELL.

(Decided February 25, 1935.)

*Mr. Eli J. Frankenstein* and *Mr. Samuel Plotnick,* for plaintiff in error.

*Mr. Stanley A. Silverstein,* for defendant in error.

MATTHEWS, J. This cause comes into this court on error to the judgment of the Court of Common Pleas of Hamilton county. The parties will be referred to according to positions occupied by them in the trial court, which are the opposite of the positions held here.

The defendant, Wendall P. Dabney, was the publisher of a newspaper, and the action—which was one for libel—was based on an article contained in an issue of his paper dated the 21st day of May, 1931. In it, the defendant declared that the plaintiff, although he knew before his marriage that his wife was sterile, had, after living with her for eighteen years, sought a divorce in order that he might have an heir, and further charged that the plaintiff, who had been a principal of a public school, had paid little attention to his school and less to his teachers. While these were the facts stated the article was embellished by thoughts

of the defendant on these subjects, stated in striking language, manifestly designed to hold the interest of the reader and wound the feelings of the plaintiff.

There was no denial of the publication by the defendant. He denied malice and damage, and alleged the truth of the statements.

The plaintiff alleged that he had suffered great humiliation, embarrassment, loss of prestige, and injury in his profession of teacher, and asserted that he was thereby prevented from obtaining employment in the public schools.

The plaintiff testified, then called the defendant as upon cross-examination and rested. The defendant offered no evidence.

The plaintiff testified to facts and circumstances from which it could be inferred that the defendant was actuated by actual malice, and that the plaintiff had been humiliated and had suffered loss of prestige in the community, and also testified that the publication had hindered or prevented him from regaining his position as principal in the public schools, from which position he had been suspended on account of a nervous breakdown.

There was no statement by either witness on the subject of the truth or falsity of the publication.

The jury returned a verdict for fourteen hundred dollars, and, upon overruling the motion for a new trial, the court rendered judgment on the verdict.

One of the grounds urged for the reversal of the judgment is the failure of proof of the falsity of the statements. This raises the question of the burden of proof of the truth of the statements. It seems that in the absence of statute, the truth of the statement was a defense, and the burden of proof was on the defendant. 17 Ruling Case Law, 420; 25 Ohio Jurisprudence, 200. The subject is governed by statute in this state.

"In an action for a libel or a slander, the defendant may allege and prove the truth of the matter charged as defamatory. Proof of the truth thereof shall be a complete defense. In all such actions any mitigating circumstances may be proved to reduce damages." Section 11342, General Code.

In *Mulcahy* v. *Deitrick, Sr.*, 39 Ohio App., 65, 176 N. E., 481, the court, at page 69, said:

"Inasmuch as this case may be retried, it seems fitting to say in view of the record that justification cannot be proven under a general denial. *Duval* v. *Davey*, 32 Ohio St., 604, 610."

The defendant recognized this rule and pleaded the truth of the article. Such a plea at least casts upon the defendant the duty of going forward with the evidence. The law raises a presumption of fact that character and reputation are good, and that, therefore, imputations to the contrary are false. *Melanowski* v. *Judy*, 102 Ohio St., 153, at 156, 131 N. E., 360; 17 Ohio Jurisprudence, 114.

So we conclude that in the absence of evidence it must be assumed that the defamatory statements admittedly written of and concerning the plaintiff were false.

It is well settled that written words may be actionable which would not be when spoken. In 25 Ohio Jurisprudence, 174, 175, it is said:

"As has been observed, it is not necessary, to constitute libel, that written statements should impute the commission of a crime. It is sufficient if the language tends to injure the reputation of the person, or to reflect shame or disgrace on him. Written words exposing the person to whom they refer to hatred, ridicule, contempt, shame, or disgrace are libelous per se. It has also been observed that there is a clear distinction between written or printed defamation, and merely verbal slander. Much which, if spoken, would not be

actionable without averment of proof of special damage, when written or printed, is actionable per se, if it would expose the plaintiff to hatred or ridicule, or deprive him of the benefits of public confidence and social intercourse.''

The false charge that the plaintiff had sought to divorce his wife, because of a condition of which he was aware at the time of their marriage, would tend to reflect shame and disgrace upon him. Manifestly that was the purpose of the publication.

The natural tendency of the assertions as to his conduct as principal of a public school was to injure him in relation to that occupation. They imputed to him lack of capacity to occupy such a position, and misconduct while occupying it. They were actionable without proof of special damage. 25 Ohio Jurisprudence, 162 and 185.

The case involved the elements of both compensatory and punitive damages, including counsel fees.

The trial judge correctly stated the issues, the law of burden of proof, and the measure of damages. The jury found the issues in favor of the plaintiff and assessed the damages in the light of all the circumstances. We cannot say the amount is excessive.

We find no error in the record prejudicial to the plaintiff in error and the judgment is therefore affirmed.

*Judgment affirmed.*

Ross, P. J., and HAMILTON, J., concur.