**HUDSON, Plaintiff-Appellant, v. CLEVELAND (City), Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24069.   Decided May 8, 1957.

Chester K. Gillespie, for plaintiff-appellant.

Ralph S. Locher, Director of Law, Joseph H. Crowley, Chief Counsel, Carl J. Grosclaude, John H. Urbancik, Asst. Directors of Law, for defendant-appellee.

## OPINION

By KOVACHY, J:

This is an appeal on questions of law from a judgment entered on a verdict rendered in favor of the defendant by a jury in the Cleveland Municipal Court.

The plaintiff-appellant is the husband of a 75-year old woman who tripped and fell over a water valve cover while crossing East 46th Street from the northeast to the northwest corner on the northerly side of Central Avenue in Cleveland on April 22, 1955, at about 8:30 P. M. He brought his action for loss of service and society of his wife and for the expenses resulting from the injuries sustained in such accident.

The crosswalk at the intersection involved was under repair by the City of Cleveland at the time of the accident. A binder course had been

laid in preparation for the final coat of asphalt. While the outline of this binder course appeared for all practical purposes to mark off the crosswalk, the northerly outline of it was about fifteen to eighteen inches north of the theoretical crosswalk established by ordinance where no markings exist. Actual measurements placed the metal cover two to four inches north of the theoretical crosswalk. The metal cover was ten inches square. The testimony varied as to its height, one witness testifying that its height was from one-half to three-quarters of an inch above the surface of the road; others testified it was three to four inches. The lighting was good.

Plaintiff-appellant sets forth six assignments of error, but in his brief and argument relied upon but two:

1. The court erred in submitting certain written charges to the jury before argument upon the request of the defendant; and

2. That the court erred in indicating to the jury the party requesting the special charges before argument.

We shall consider the latter claim first. It is clearly the law that a trial court should not inform the jury which party requested the written charges submitted to them. Written charges before arguments are principles of law applicable to the case being tried and should be regarded as emanating from the court. While the Supreme Court of Ohio has not directly passed upon the question, it did state in the case of **Lima Used Car Co. v. Hemperly, 120 Oh St 400, 404,** 166 N. E. 364, 366, that such instructions "are not to be regarded as the law of any particular party." Courts of appeals of Ohio, however, have passed upon the question and it is obvious from these decisions that, while mentioning the party requesting a written charge submitted to a jury before argument by the court is not reversible error, if the charge itself embodies a correct statement of law, the practice is undesirable and improper. In the fourth paragraph of the syllabus in **Harper v. McQuown, 30 Abs 389,** it is stated:

"4. It is preferable that statements of the court intimating that either plaintiff or defendant made special requests for instructions be omitted, but unless the special requests incorrectly state the principle of law, there is no prejudicial error."

and in **paragraph 5** of the syllabus in **Manchester v. Youngstown Sheet & Tube Co., 24 Abs 658, 18 O. O. 503,** we find the following:

"5. Special requests are not the law of counsel requesting them but are the law of the court, and should be so considered by the jury, so that it is improper for either the court or counsel for either party to indicate to the jury who prepared a particular charge."

To the same effect, **Haney v. Dayton Street Transit Co., 45 Abs 312,** 67 N. E. (2d) 794.

We shall now consider plaintiff-appellant's first claim of error.

Defendant's written charge No. 1 was submitted to the jury before argument of counsel. It reads:

"1. The Court charges you as a matter of law that if you find from the evidence that the plaintiff's wife was guilty of any negligence proximately contributing to cause the injuries complained of by the plaintiff, then your verdict must be for the defendant City of Cleveland."

Plaintiff contends that the statement "if you find from the evidence" without mentioning the degree of proof required, namely: "by a preponderance of the evidence," was erroneous. This claim of error we overrule. A requested instruction before argument need only state one principle of law applicable to the facts. The degree of proof itself is a proposition of law. The Supreme Court, in the syllabus of **Hunter v. Brumby, 131 Oh St 443, 3 N. E. (2d) 353,** stated the law as follows:

"1. It is not required that a requested written instruction to a jury before argument shall cover every branch and feature of the case.

"2. Such instruction is not erroneous simply because it employs the phrase 'if you find' but omits reference to the required degree of proof."

Plaintiff also contends that charge No. 3 was prejudicially erroneous. It reads:

"3. The Court charges you as a matter of law that if you find that the difference in height between the top of the water shut-off valve box and the asphalt pavement was three-fourths (¾'s) of an inch or less, you must find as a matter of law that the City of Cleveland did not violate §723.01 R. C., and you must bring back a vérdict for the defendant, City of Cleveland."

This charge was undoubtedly based on the syllabus of the case of **Kimball v. City of Cincinati, 160 Oh St 370, 116 N. E. (2d) 708,** which reads:

"A variation of from one-half to three-fourths of an inch in the heights of adjacent sections of a sidewalk is a slight defect commonly found in sidewalks, and the municipality in which such sidewalk is located is not guilty of a violation of the duties imposed upon it by §3714 GC, by reason of the existence of such defect."

The majority of this court are of the opinion that the principle of law enunciated in that case has no application to the facts presented herein. It is common knowledge that sidewalks laid in sections undergo movements in the course of time which develop variations in height so that the joints do not meet. An edge of a section may sink below or rise above the edge of the adjacent section, creating an irregular joint, and it would be an impossible task for a municipality to restore the many imperfect joints to their original level. In the case before us, however, the trial court was concerned with a single water valve cover which protruded temporarily above the level of the pavement during repairs to the street. It was an isolated situation and was permitted to exist without any warning whatever to pedestrians crossing at that point. The City of Cleveland itself caused such condition to exist, and whether in so doing it created a qualified nuisance in violation of §723.01 R. C., was a question to be determined by the jury on the basis of the height, size and location of the object and all surrounding circumstances then and there prevailing. The instruction given the jury was consequently prejudicial to the rights of the plaintiff and constituted reversible error.

However, we unanimously hold that this instruction should have included the text of the statute therein referred to, namely: Sec. 723.01 R. C., to be a complete statement of law, and for such reason, also, was erroneous.

Plaintiff also says that charge No. 4 was patently erroneous. It reads:

"4. The Court charges you as a matter of law that City Ordinance No. 9.1904 was in full force and effect at the time complained of in plaintiff's petition, and that said ordinance is as follows:

"'Any person who crosses a roadway within a business district, as defined in Sec. 9.0102 of this subdivision other than at a cross-walk, or steps from the curb into the roadway at a point other than upon a cross-walk, or crosses any roadway diagonally, shall be subject to immediate arrest, and in any hearing in the municipal court on the charge of violating Sec. 9.1903, testimony that the person did any of the acts above set forth, shall be prima facie evidence of violation of Sec. 9.1903.'

"and the Court further charges you as a matter of law that Ordinance No. 9.1903 was also in full force and effect at the time complained of in plaintiff's petition, which ordinance is as follows:

"'No person shall enter upon, walk in, or cross any roadway, in such a manner as to endanger his life or limb, or so as to cause injury to another person, or another person's property, lawfully upon such roadway; and every person shall at all times and places exercise ordinary care for his own protection and safety.'

"The Court further charges you as a matter of law that a crosswalk is defined by City ordinance in Section 9.0102 as follows:

"'(a) That part of a roadway at an intersection included within the connections of lateral lines of the sidewalk on opposite sides of the highway measured from the curbs, or in the absence of curbs from the edges of the traversable roadway.

"'(b) Any portion of a roadway at an intersection or elsewhere distinctly indicated for pedestrian crossing by lines or other markings on the surface.'"

We believe that this instruction had many vices to condemn it. City Ordinance No. 9.1904 deals with a question of pedestrians crossing a roadway "within a business district." Section 9.0102 of the City Code defines a business district as follows:

"Business District. The territory fronting upon a street or highway, including the street or highway, between successive intersections within the city where fifty per cent or more of the frontage between such successive intersections is occupied by buildings in use for business, or where fifty per cent or more of the frontage for a distance of 300 feet or more is occupied by buildings in use for business and the said character of such territory is indicated by official traffic control devices."

Yet the only evidence introduced on this subject was photographs showing the corners at the intersection, which photographs by themselves were wholly insufficient under the definition of "Business District" quoted above to determine the nature of this intersection. Moreover, the inclusion of three different and unrelated ordinances in one charge was confusing to the jury, and the mere recitation of the ordinances without explanation as to the manner in which they were to be applied to the facts in the case was probably more confounding than illuminating.

The submission of this instruction to the jury, accordingly, was error.

Charge No. 5 reads:

"5. The Court charges you as a matter of law that where a pedestrian departs from a crosswalk upon which she would have received no injury and crosses the intersection elsewhere and is injured, she must be held to have assumed the risk which lay in the path which she chose, and in such case plaintiff's husband cannot recover for any damages he may have sustained as a reason of his wife's injuries."

This charge was based on the case of City of Dayton v. Taylor's Admr., 62 Oh St 11, 56 N. E. 480, the second paragraph of the syllabus of which reads:

"2. A pedestrian who, without necessity and for his own pleasure and convenience, departs from the sidewalks and street crossings, upon which he would have avoided injury, and crosses a street intersection diagonally, and is injured by slipping into a catch-basin which lay between the crossings, must be held to have assumed the risks which lay in the path which he thus chooses."

We are of the opinion that the facts before the jury in the instant case did not justify an instruction on assumption of risk.

Charge No. 6 reads:

"6. The Court charges you as a matter of law that if you find the plaintiff's wife was looking elsewhere and not looking where she was stepping at the time the accident occurred and if you find that such conduct was a proximate cause of the injuries to plaintiff's wife, and that the failure of plaintiff's wife to exercise reasonable care for her own safety proximately contributed to cause her injuries, then plaintiff cannot recover and your verdict must be for the defendant City of Cleveland."

In this charge the court, in effect, instructed the jury that plaintiff's wife was guilty of negligence as a matter of law if she "was looking elsewhere and not looking where she was stepping at the time the accident occurred." We feel that the court in this instance was invading the province of the jury for the reason that it was for the jury to determine whether such conduct, if it occurred, was negligent under all surrounding circumstances. It was error, therefore, to have submitted it to the jury.

Charge No. 7 is in the same vein and likewise erroneous.

Charge No. 8 reads:

"8. The Court instructs you as a matter of law that plaintiff's evidence of damages because of loss sustained by selling his house and purchasing another one of one floor only is too speculative and is not to be considered in assessing damages should you determine that he is entitled to recover damages: For the reason that such damages are not alleged in plaintiff's petition and for the further reason that such damages are too remote to be attributable to the injuries to his wife and do not proximately result from the injury complained of in the petition, and further that such damages are no proper part of a loss of service action."

This instruction as a principle of law with respect to damages was correct. The evidence in support of such damages, however, was speculative in nature and for that reason inadmissible and should have been objected to when offered during the trial.

Defendant argues that the verdict of the jury may have been based upon the finding that the plaintiff's wife had been guilty of contributory negligence. and that, since the plaintiff did not submit interrogatories to test the verdict, the two-issue rule is applicable. This contention would have great force were the errors with respect to the instructions submitted to the jury confined to but one of the issues in this case. However, since we have determined that the instructions given the jury before argument were prejudicially erroneous with respect to both main issues, the logic and force of the two-issue rule collapses and fails of application here. In **Sites v. Haverstick, 23 Oh St 626,** the syllabus reads as follows:

"1. Where the jury, by their verdict, 'finds the issues joined in the cause' in favor of one of the parties, this is to be taken as a verdict finding each and all of the issues therein for such party.

"2. In such case, if the issues are such that a finding of either of them in favor of the successful party entitles him to the judgment rendered. the judgment will not be reversed for error in the instructions of the court relating exclusively to the other." (Emphasis ours.)

In **4 O. Jur. (2d) 33,** we find the following:

"Of course it (the 'two issue' rule) cannot be applied where the circumstances are such that the general verdict could not be a finding for the successful party on all the issues, * * * where there are various errors some of which relate to one issue and some to the other so that no issue was tried without error * * *"

See: **Johnson v. Hunter. 166 Oh St 289, 293; Gallup v. Toledo Term. Rd. Co., 26 Oh Ap 447; 5 Abs 513; McCombs v. Landes. 35 Oh Ap 164; 171 N. E. 862; Mulcahy v. Deitrick, 39 Oh Ap 65; 176 N. E. 481;** and **Hamilton v. Gilkey, 56 Oh Ap 438; 10 N. E. (2d) 1014.**

The judgment accordingly is reversed. and the cause remanded to the Cleveland Municipal Court for further proceedings according to law. Exceptions. Order see journal.

SKEEL, PJ, concurs in the judgment.
HURD, J, concurs in the opinion and in the judgment.

## CONCURRING OPINION

Ey SKEEL, PJ.:

I concur in the judgment of reversal upon the grounds stated in the majority opinion except insofar as the error found in giving special instruction No. 3. requested by the defendant. This instruction was based on the law of the case of **Kimball v. Cincinnati, 160 Oh St 370,** 116 N. E. (2d) 708. the syllabus of that case being quoted in the majority opinion. I am unable to distinguish between "slight defects commonly found in sidewalks" caused by "variations from one-half to three-fourths of an inch" by reason of the unevenness of "adjacent sections of a sidewalk" and a variation of like dimension caused by the installation of a small water box cover near or in a crosswalk located on that portion of a roadway used both by vehicular and pedestrian traffic. This is equally true where the slight protrusion above the surface of the road by the

water turn-off box of from one-half to three-quarters of an inch is caused by the fact that in resurfacing the roadway, the final layer of asphalt of a thickness of about one-half, had not yet been installed. No legal distinction is to be found in the fact that the unevenness of the sidewalk came about by the weather and the passing of time and the slight unevenness in the crosswalk resulted from making street repairs. If one is not dangerous, it must follow that the other is likewise not dangerous to street users.

Nor can any credit be given to one of the plaintiff's witnesses who testified that the top of the metal water box was four inches above the surface of the roadway. The defendant introduced photographs focused from both directions (east and west) which demonstrate without peradventure of doubt that such estimate of the degree of unevenness was completely inaccurate. The effect of such testimony was only to destroy the credibility of the witness.