STATE *v.* BURNS.

(No. 22339—Decided March 4, 1966.)

Vandalia Municipal Court.

*Mr. Herman Arnovitz,* for defendant.
*Mr. Harold B. LeCrone,* city prosecutor, for state.

BRENTON, J.  This matter having come on for hearing on defendant's motion to quash the affidavit and suppress the evidence is now before the court for determination.  The testimony of the defendant and argument of counsel was offered in support thereof.  The state presented nothing except the cross-examination of defendant and argument.

From the testimony of the defendant it appears that on the evening of December 23, 1965, defendant attended a Christmas party on Nicholas Road in the southwestern part of Montgomery County, Ohio, that thereafter at about 2 a. m. on December 24, 1965, while defendant was driving an automobile homeward bound in the vicinity of U. S. 25 and Coronette Ave. in the northeast section of said county, defendant drove southbound on U. S. 25 approaching Coronette and observed the headlights of a vehicle to his rear about a half block away, that he turned left into Cornette and then noticed lights of a car to his rear about 60 feet away and then a red light on said car came on whereupon defendant stopped, that said car stopped to defendant's rear and thereupon a state highway patrolman came up to defendant's car, asked to see defendant's driver's license which defendant exhibited, then asked defendant to step out of his car which defendant did, then asked defendant to raise his arms and put his hands on his car whereupon he was handcuffed, also defendant admitted to the officer that he had some intoxicating beverage to drink. On cross-examination defendant stated that the officer gave him some tests, such as finger to nose, heals together balance test, bend over to pick up objects, and various other such tests whereupon defendant was taken to the Vandalia jail. At said jail he submitted to a breath test which he said resulted in 2.8. He was then charged by affidavit with violating Section 4511.19, Revised Code (driving under the influence of alcohol), and summoned to appear in court on the next court date.

Defendant contends that his arrest was illegal and that therefore all evidence is inadmissable. Specifically defendant contends that his constitutional rights have been violated, to-wit: The Fourth Amendment to the United States Constitution, which prohibits arrest without probable cause and as applied against the states through the Fourteenth Amendment.

Section 2935.03, Revised Code, provides: "a sheriff, deputy sheriff, marshal, deputy marshal, watchman, or police officer shall arrest and detain a person found violating a law of this state or an ordinance of a municipal corporation, until a warrant can be obtained."

The ambiguous nature of the word, "arrest," and the issue of the right of a state highway patrolman to stop a driver of

an automobile upon a public highway and question him, presents complex legal questions upon the facts presented to this court.

The first question to be resolved then is "has there been a showing of circumstances giving the patrolman the authority to stop and question the defendant?" The defendant argues that the commission of an unlawful act must have occurred in the officer's presence before any authority whatsoever is bestowed upon the officer. With this view this court cannot agree. Research indicates that the United States Supreme Court has never squarely decided whether the police may constitutionally stop and question a suspect without his consent in the absence of adequate grounds for arrest. The Ohio Statute commands that such officer arrest a person found violating a law of this state. Thus so long as the officer in his finding has not infringed upon the constitutional rights of the suspect his arrest is valid.

There is some division of authority on the legality of the right to stop and question, however the better view seems to be that the stopping and questioning of suspicious persons is not prohibited by the Constitution. The court holds, in line with the great weight of authority and the case of *State* v. *Terry*, 5 Ohio App. 2d 122, that a state highway patrolman may, under appropriate circumstances, reasonably inquire of an automobile driver concerning his suspicious on-the-highway behavior in the absence of reasonable grounds to arrest.

What were the circumstances observed by the patrolman that prompted him to stop and question the defendant? We have only the testimony of the defendant. There is nothing in the record that his manner of driving prior to the stopping by the officer was suspicious, unusual or abnormal. The record is totally void of any erratic driving or unusual conduct on the part of the defendant. This then presents a further question, "may the court indulge in the findings of the officer subsequent to the stopping and presume that the officer acted under circumstances precluding the necessity of an affidavit and warrant?" If so then the court must indulge in a further presumption to wit: That the actions, conduct and physical and mental status of the defendant were such that the officer was so warranted.

If this court may indulge in the aforesaid presumptions

then such indulgence would be tantamount to a finding that the officer observed circumstances concerning the behavior of the automobile driver prior to the stopping that would reasonably call for investigation and inquiry.

The court makes the observation from the defendant's testimony that the officer did not place defendant under arrest for the offense charged until after his investigation and inquiry.

This court holds that prompt inquiry into suspicious or unusual on-the-highway traffic behavior is an indispensible police power in the orderly regulation of modern day traffic. It is a prime function of state highway patrolmen to be alert to wrong-doings upon the highways and they may not be denied the right of summary inquiry upon probable cause.

Inasmuch as the accused is clothed with the presumption of innocence this court holds that it may not indulge in the aforesaid presumptions.

An individual motor vehicle operator who drives his vehicle in an abnormal and suspicious manner invites a preliminary inquiry by the proper authority patrolling the highway. It does not unreasonably invade the individual motorists right to privacy to hold that the price of indulgence in abnormal or suspicious traffic behavior is a police inquiry.

All the law requires is some showing that the patrolman observed some unusual or abnormal traffic behavior upon the part of the defendant and thereupon that he acted in good faith with an honest belief based upon such observation.

The state having failed to make any such showing either by affidavit or testimony of the officer, this court hereby sustains defendant's motion as a plea in abatement.

A motion to quash the affidavit is made when there is a defect apparent on the face of the record. Since there is no such defect apparent, a motion to quash does not prevail. But a plea in abatement may be made when there is a defect in the record shown by facts extrinsic thereto.

Let counsel for the defendant draft the proper entry sustaining a plea in abatement.