The State of Ohio *v.* Taylor.

(No. 80-TR-C-2839—Decided December 1, 1980.)

Belmont County Court, Western Division.

*Mr. Edward G. Sustersic,* prosecuting attorney, and *Mr. James L. Nichelson,* for plaintiff.

*Lanciones & Hanson Co., L.P.A.,* and *Mr. Rodney D. Hanson,* for defendant.

White, J.   This case is before the court upon motion of defendant to dismiss a charge against him of violating R. C. 4511.19.

At an evidentiary hearing thereon, it was established that defendant appeared at the St. Clairsville fire station seeking aid for a passenger in his automobile which had been involved in a one-car accident outside the city limits. Personnel at the fire station called a city policeman who shortly thereafter arrived at the station. This officer determined from the defendant that the defendant had been the operator of the motor vehicle involved in the accident and noted an odor of an alcoholic beverage about his person. The municipal officer did not place defendant under arrest, since the accident occurred outside the corporate limits, but offered him a ride to the local highway patrol post (also outside the city limits) for the purpose of filling out an accident report. *En route,* defendant was instructed by this municipal officer not to smoke.

Upon arriving at the highway patrol post, defendant was interviewed by a trooper. The trooper also observed the odor of an alcoholic beverage about defendant's person. In his interview of defendant the trooper learned the location of the accident; that it had occurred approximately eighteen minutes prior to the interview; that one vehicle (the defendant's) was involved; that, while driving, defendant had noticed ("felt") a vibration in his right front wheel; and that almost immediately thereafter defendant lost control of the vehicle and went off the right side of the road.

Based upon his observations and interview at the post, the trooper placed defendant under arrest for violating R. C. 4511.19 and administered, with defendant's consent, an Intoxilyzer test, the results of which were 0.11 percent.

The defendant urges that the trooper had no probable cause to arrest defendant and, therefore, no authority to request, under penalty of refusal, an Intoxilyzer test of the defendant. I agree.

Although the Ohio Supreme Court has held that a warrantless arrest for a violation of R. C. 4511.19 is legal, even if the operation of the vehicle is not actually viewed by the arresting officer, *Oregon* v. *Szakovits* (1972), 32 Ohio St. 2d 271, it still maintained the standard that the arresting officer have " '***reasonable grounds to believe the person to have been driving a motor vehicle upon the public highways in this state while under the influence of alcohol***' " (emphasis deleted), *id.,* at 274.

In *Oregon* (and its companion case *Marysville* v. *Michaelis*), the arrests were made by the officers "[a]fter viewing the scene of the accident, and hearing appellants' admissions on a first-hand basis***[c]oupled with the fact that appellants were obviously under the influence***." *Id.*

In this case, neither the arresting officer nor the municipal (transporting) officer viewed the accident scene prior to arrest; neither testified as to observations which imply that defendant was obviously under the influence of alcohol; and they were presented with a credible, exculpatory version by the defendant as to the cause of the accident with no evidence whatsoever to refute the same.

To be under the influence of alcohol a defendant must have consumed alcohol to such an extent as to appreciably impair

his ability to operate a motor vehicle, *Toledo* v. *Starks* (1971), 25 Ohio App. 2d 162.

Although, in certain circumstances, an officer viewing the accident scene and observing an odor of an alcoholic beverage about a driver could make a direct inference therefrom that the defendant's ability to operate the motor vehicle was appreciably impaired by the influence of the alcohol to support an arrest based on probable cause, an officer who does not view the scene or gather any evidence to refute a credible version of the accident not based on impaired driving abilities cannot support an arrest based solely on the existence of an accident and an odor of an alcoholic beverage about the driver.

The arrest and testing of the defendant must be reasonable and not arbitrary; there must be an articulable and reasonable suspicion of the commission of the offense, *Delaware* v. *Prouse* (1979), 440 U. S. 648. Although the Intoxilyzer test results, if otherwise valid, raise a presumption of defendant's being under the influence of alcohol, the trial court may not indulge in the findings of the arresting officer subsequent to the arrest and itself presume that the officer acted under circumstances supportive of the arrest, *State* v. *Burns* (1966), 7 Ohio Misc. 275.

The motion of defendant will be sustained.

*Judgment accordingly.*