**LYNDHURST (City), Plaintiff-Appellee, v. BEAUMONT, Jr., Defendant-Appellant.**

Common Pleas Court, Cuyahoga County.

No. 70805. Decided August 25, 1959.

104

Arthur T. Wincek, Cleveland, for plaintiff-appellee.
Penty & Allen, Cleveland, for defendant-appellant.

**OPINION**

By THOMAS, J.

Convicted of the crime of driving while under the influence of intoxicating liquor by a jury in the Lyndhurst Municipal Court the defendant appeals. He was charged under a Lyndhurst ordinance, which, in words substantially identical with §4511.19 R. C., provides that "no person who is under the influence of intoxicating liquor . . . shall operate any vehicle . . . within the city."

His first assignment of error complains that the trial court lacked jurisdiction because no warrant was issued to charge him with an offense. This renews a complaint that was the basis of a motion to dismiss, overruled by the court at the beginning of the trial.

Sworn to by three police officers, two of whom witnessed the defendant's operation of his automobile and his subsequent actions and conversation the affidavit charged the defendant with "driving while under the influence of intoxicating beverages in violation of Ordinance No. 4918, Section 52." The affidavit stated that the offense was committed on July 9, 1958, at 4:00 A. M. and that Donald B. Beaumont, Jr. "did unlawfully (operate) a motor vehicle (Reg. No.) DE 789 Make Ford Body Type Conv. color black upon a public highway in the City of Lyndhurst, County of Cuyahoga and State of Ohio, namély at (location) So. on Brainard to Cedar.

From the criminal transcript of proceedings and the bill of exceptions the following appears. The defendant was lodged in the Lyndhurst jail after his arrest by the officers who witnessed his alleged offense. He was released upon posting bond to appear before the Municipal Court of Lyndhurst on July 15th, 1958 at 7:30 P. M. On the 15th of July the affidavit was executed and sworn to by the three police officers. A copy of the affidavit was handed to the defendant. The parties treated this as a summons. No warrant was issued at that time.

After several continuances requested by the defendant, and a failure to appear on September 9, 1958, for trial, his bond was forfeited. On October 1, 1958, a warrant for the arrest of the defendant was issued and the defendant and his attorneys appeared in court on October 7, 1958. Bond was again set and posted. A jury trial was demanded. The trial was had upon the 28th of October, 1958.

Though no warrant was issued pursuant to the affidavit charging the offense, it is established that a copy of the affidavit was served upon the defendant. This copy of the affidavit is referred to and treated by all parties as a summons.

Hence there was compliance with the first sentence of §2935.08 R. C., which provides that

"Upon the filing of an affidavit or complaint for a misdemeanor, the court or magistrate may issue a summons instead of a warrant. . ."

The copy of the affidavit, moreover, set forth all the information which a summons is required to contain by the next sentence of §2935.08 R. C.

"The summons shall set forth substantially the nature of the offense and shall command the person against whom the complaint was made to appear before the court or magistrate issuing the summons, at the time and place stated therein."

Finally §2935.08 R. C., provides that

"Upon the appearance of a defendant upon such summons, proceedings shall be had as in other cases."

Quite plainly, §2935.08 R. C., authorizes jurisdiction of an accused to be obtained in misdemeanor cases by service of a summons as well as by service of a warrant. Inasmuch as a summons was served upon the defendant informing him of the nature of the offense and fixing the time and place of appearance, and inasmuch as the defendant appeared as directed and secured continuances from the originally scheduled trial date, the requirements of §2935.08 R. C., have been fully met. Compliance with that section vested the trial court with jurisdiction over the person of the defendant.

A warrant of arrest was served upon the defendant on or about October 1, 1958, when he failed to appear for trial on September 9th. Under the defendant's view of the law that a warrant must be issued and served to vest jurisdiction, in the trial court, jurisdiction had attached in any event prior to the defendant's trial on October 28th, 1958.

The first assignment of error is overruled.

The second principal assignment of error claims that the evidence was not sufficient to support a guilty verdict.

The City's evidence, consisting of the testimony of one of the arresting officers, is here summarized. While patroling, the officers observed the car, operated by the defendant, weave on two occasions as it proceeded south on Brainard Road. When the officers stopped his car and talked to him a strong odor of alcohol was detected. The officer quoted him as admitting to drinking 5 shots of liquor from midnite to 2:50 A. M. plus some beers. The defendant himself testified that he had three or four drinks of liquor. His eyes were described as watery and bloodshot. In taking the "walk the straight line" test he staggered and couldn't walk the line. He wasn't able to steady himself. There was some slurring of his speech. His conduct on a previous occasion had been observed to be quiet and agreeable. But this time, and particularly when he was attempting to take the alcometer test, his language was characterized as insulting.

The officer testified that the defendant would not cooperate in properly blowing into the alcometer. Hence no adequate breath samples were secured. The test was therefore discarded as not given properly. It was the officer's recollection that there was a reading of .14, but it was not deemed to be a proper test.

In the opinion of the officer the defendant was moderately under the influence of intoxicating beverages.

The evidence, highlighted in the foregoing summary, presented a question of fact as to whether the defendant drove his automobile under the influence of intoxicating liquor. It was not error to submit the case to the jury's consideration.

The third assignment of error relates to the court's general charge. The Bill of Exceptions, as diminuted and supplemented by a letter prepared by the court stenographer on August 17, 1959, states:

"An examination of the notes also shows no exception by Mr. Allen to the general charge."

In view of the absence of exceptions to the general charge the errors complained of with reference to the general charge may not be reviewed.

The fourth assignment of error challenges the correctness of the special charge given to the jury before argument at the request of the City. "A general exception to the charge" was taken according to the stenographer's letter of August 17, 1959.

The special charge reads:

"I charge you as a matter of the law that if the evidence convinces you that the Defendant's ability to drive an auto was impaired in even the slightest degree by his use of intoxicating beverages at the times and places stated in the affidavit, that then you must return a verdict for the City and find the Defendant guilty as charged."

In a criminal case the court is not required to give special instructions to the jury before argument State v. Petro, 148 Oh St 473. If however the charge is given it must be a correct statement of law, not abstract in content, but applicable to the evidence and the issues of the case.

The charge will be analyzed.

The introductory words "if the evidence convinces you" will first be examined.

It has been held that it is permissible to employ in a charge the words "if you find from the evidence" without mentioning the required degree of proof. Hunter v. Brumby, 131 Oh St 443, Simko v. Miller, 133 Oh St 345. Our Court of Appeals in Hudson v. Cleveland, 76 Abs 360, accepting the rule of the Hunter case, recently explains:

"A requested instruction before argument need only state one principle of law applicable to the facts. The degree of proof itself is a proposition of law."

In the instant charge however the approved words "if you find from the evidence" were not used.

Instead the Jury was instructed that

"if the evidence convinces you . . . then you must return a verdict for the City and find the Defendant guilty as charged."

In telling the Jury that it should convict the defendant "if the evidence convinces you" the charge prescribed the degree of proof. As already seen, it was not necessary to include a statement of the degree of proof in the charge. Since however the degree of proof was incorporated into the charge a correct statement of the appropriate degree of proof became mandatory.

Manifestly, the correct degree of proof in a criminal case is proof of guilt beyond a reasonable doubt. **Sec. 2945.04 R. C.**

Plainly enough, evidence that "convinces you" is a different degree of proof than proof of guilt beyond a reasonable doubt. It falls within the category of "clear and convincing proof, which degree of proof must sometimes be charged in civil cases." **Pickering v. Cirell, 163 Oh St 1 @ 5.** In any event, evidence that convinces you permitted a more lenient degree of proof than proof of guilt beyond a reasonable doubt.

Hence the charge erred, and fundamentally too, in authorizing the jury to convict the defendant on a lesser degree of proof than proof of guilt beyond a reasonable doubt.

Further considering the text of the charge the jury was instructed to convict the defendant if convinced by the evidence

"that the Defendant's ability to drive an auto was impaired in even the slightest degree by his use of intoxicating beverages at the times and places stated in the affidavit."

The Lyndhurst Municipal Council, like the Ohio Legislature and other municipal councils, has made it unlawful for a person to operate a vehicle "who is under the influence of intoxicating liquor." The same legislative bodies however have refrained from defining what is meant by operating a vehicle "under the influence of intoxicating liquor." That task has been left to the courts.

The Third District Court of Appeals, in **State v. Steele, 95 Oh Ap 107,** has undertaken to define what constitutes "under the influence," pointing out that there certainly ought to be some common sense rule to use in dealing with this important and increasingly menacing problem.

The Court goes on to say:

"In our opinion, being 'under the influence' of alcohol or intoxicating liquor means that the accused must have consumed some intoxicating beverage, whether mild or potent, and in such a quantity, whether small or great, that the effect thereof on him was to adversely affect his actions, reactions, conduct, movements or mental processes, or to impair his reactions, under the circumstances then existing so as to deprive him of that clearness of the intellect and control of himself which he would otherwise possess."

Subsequently this definition has been reaffirmed by the same court in **State v. Neff, 104 Oh Ap 289,** and approved by the 7th District Court of Appeals in **State v. Titak, 75 Abs 430.**

As part of its definition the Steele opinion adopts the emphasized language from the opinion in Commonwealth v. Buoy, 128 Pa. Sup. Ct. 264, 193 A. 144. In defining "under the influence of intoxicating liquor" the Pennsylvania Superior Court stated that the expression

"covers not only all the well known and easily recognized conditions and degrees of intoxication, but any abnormal mental or physical con-

dition which is the result of indulging in any degree in intoxicating liquor, and which tends to Deprive one of that clearness of intellect and control of himself which he would otherwise possess."

Thus the authorities agree that the amount of intoxicating liquor consumed by an operator of a vehicle is not a material element, as long as some intoxicating liquor was consumed.

The essence of the crime is that the consumption of the intoxicating liquor must produce an abnormal physical or mental condition in the operator which

"deprives him of that clearness of the intellect and control of himself which he would otherwise possess."

Are these essential elements correctly set forth in the special charge here under review?

The Jury was directed to convict the defendant if convinced by the evidence

"that the Defendant's ability to drive an auto was impaired in even the slightest degree by his use of intoxicating beverages at the times and places stated in the affidavit."

The charge speaks of the defendant's ability to drive an auto being impaired in even the slightest degree. But the charge fails to state that "the ability to drive an auto" to which reference is made is Defendant's normal ability which "he would otherwise possess." This omission faults the charge.

Furthermore the use of the words "in even the slightest degree," relating as they do, not to the amount of liquor consumed but instead to the degree of impairment are certainly objectionable under the facts of this case.

Impairment of driving ability "in even the slightest degree" is not a justifiable basis for conviction in view of the express testimony of Officer Glady, the City's only witness, that "a slight degree of being under the influence, would not be noticeable in the normal person." This testimony was part of the following colloquy, on cross-examination.

Q. Being an officer here for many years, can you tell us what "slightly" influenced means?

A. What does it mean, "slightly"?

A. You mean you want a definition of these different degrees?

Q. If you can. What do you mean by "slightly"?

A. Well, a slight degree of being under the influence, would not be noticeable in the normal person.

Surely if a slight degree of being under the influence of intoxicating liquor would not be noticeable in the normal person, and there being no evidence that the defendant was not a normal person, it was clearly erroneous to instruct the jury that it should convict the defendant if it found that his driving ability was impaired "in even the slightest degree."

In view of the serious nature of the errors listed, going to the roots of the City's case, it is determined that prejudicial error was committed in giving the special charge before argument.

Nor could that prejudicial error be cured by the general charge of

the court. For the Supreme Court has held in **Wertenberger v. State of Ohio, 99 Oh St 353 at 359**

"An erroneous prejudicial charge given before argument is not cured by a correct instruction in the general charge."

Actually the general charge, though generally well done and carefully prepared, by substantially repeating the special charge compounded the vice of the special charge rather than curing it.

Concluding that the fourth assignment of error is well taken, the motion for a new trial is granted. The motion to dismiss, on the other hand, is overruled. Exceptions to both sides.