CITY OF TOLEDO, APPELLEE, *v.* STARKS, APPELLANT.

(No. 6870—Decided March 10, 1971.)

*Mr. Robert D. Ward*, for appellee.
*Mr. Robert W. Penn*, for appellant.

BROWN, J.   This is an appeal on questions of law by defendant, appellant herein, from a final judgment on a jury verdict of guilty, and sentence, in the Toledo Municipal Court on the charge of driving while under the influence

of intoxicating liquor in violation of Section 21-6-9 of the Ordinances of the city of Toledo.

In the second, third, fourth and sixth assignments of error, defendant complains of incorrect general instructions to the jury and contends, in the following enumerated paragraphs, that such errors are so prejudicial that a reversal of the conviction is required.

1. "To acquit upon trivial supposition or remote conjecture is a violation of your oath and an offense of great magnitude against the interests of society."

2a. The italicized portion of the following charge: "Now, Ladies and Gentlemen, this case is of importance. It is important, of course, to the defendant because it involves his rights of liberty. It is important to the City in this respect: The ordinances of the City of Toledo are to be observed and should be enforced, *and if you find that the ordinance has been violated, you should not hesitate in the interests of society and the observance of your oath to return a proper verdict of 'Guilty.'*"

2b. The italicized portion of the following instruction: "A reasonable doubt may be said to be an honest uncertainty existing in the mind of a candid, impartial, diligent juror, *after a full and fair consideration of all the evidence, with an honest purpose to ascertain the truth, irrespective of the consequences which may follow the verdict.*"

3. "But it is not always possible in criminal cases to establish guilt by direct or positive evidence, nor is it necessary, and the law provides that circumstantial evidence alone, where it is sufficient to convince the mind beyond a reasonable doubt, shall justify conviction."

4. "Under the influence of intoxicating liquor means exactly what it says, and that is that some alcohol must have been drunk by the person, the amount being immaterial, but the effect of which caused some influence on that person at the time and place alleged in the affidavit."

The portions of the jury instructions quoted above in paragraphs numbers 1, 2a and 2b are claimed by defendant as erroneous because these instructions place undue emphasis and stress upon the duty of the jury to find the

defendant guilty regardless of the consequences. We recognize the rule that the trial judge in the jury instructions may not place undue stress upon the duty of the jury to find defendant guilty, arousing prejudice against him, as opposed to the duty to acquit if a reasonable doubt exists. *Freeman* v. *State*, 119 Ohio St. 250; 15 Ohio Jurisprudence 2d 731, Criminal Law, Section 565. That principle was carefully followed by the trial judge in the present case, particularly in his jury instruction amplifying the meaning of reasonable doubt as follows:

"You will be required to find that a reasonable doubt exists if the material facts may fairly be reconciled with innocence. The entire evidence should be examined carefully and conscientiously; and if that convinces you of the defendant's guilt beyond a reasonable doubt, it is your duty to say so. But if, after such full and fair consideration, the jurors are not so convinced, but find there are only strong probabilities of guilt, under such circumstances a reasonable doubt is said to exist, and such reasonable doubt would entitle the defendant to an acquittal. A mere preponderance or overweight of the evidence is not sufficient in a criminal case as it is in a civil case."

The jury instruction on circumstantial evidence, contained in paragraph numbered 3 above, is challenged by defendant on the basis that no circumstantial evidence was produced, and thus no instruction thereon should have been given to the jury. This claimed error is without merit. Much of the evidence adduced by the state and by the defendant was circumstantial, particularly that pertaining to defendant's behavior preceding and following his operation of the automobile and bearing on the issue of defendant's insobriety at the time of driving the vehicle. Proof of factual circumstances concerning the defendant's conduct and activities preceding and following the driving of the vehicle he is charged to have driven while under the influence of intoxicating liquor is relevant to the ultimate issue of whether defendant was driving a vehicle while under the influence of intoxicating liquor and is admissible, and it follows that giving a jury instruction on cir-

cumstantial evidence is proper. 20 American Jurisprudence 258, 261, Evidence, Sections 270 and 273.

The defendant claims that the jury instruction set forth in paragraph 2a above is erroneous because it instructs the jury to find the defendant guilty if the ordinance has been violated, omitting the requirement that the jury find *beyond a reasonable doubt* that the defendant violated the ordinance. This instruction is erroneous because the requirement that the jury find beyond a reasonable doubt that the defendant violated the ordinance prohibiting the driving of a motor vehicle while under the influence of intoxicating liquor is omitted. Such an incorrect instruction on the law is not cured by a correct instruction previously given concerning the definition of reasonable doubt, and its applicability to the offense charged. *State* v. *Hauser*, 101 Ohio St. 404; 15 Ohio Jurisprudence 2d 736, Criminal Law, Section 569.

The defendant claims that the jury instruction in paragraph No. 4, above, defining "under the influence of intoxicating liquor," was erroneous because it fell short of informing the jury that the law requires the imbiber to be affected by the imbibing to an appreciable degree in the operation of the automobile. The accurate legal rule on this subject is as follows: "Under the influence of intoxicating liquor" means the condition in which a person finds himself after having consumed some intoxicating beverage in such quantity that its effect on him adversely affects his actions, reactions, conduct, movement or mental processes or impairs his reactions to an appreciable degree, thereby lessening his ability to operate a motor vehicle. *State* v. *Steele*, 95 Ohio App. 107, paragraph 2 of the syllabus; *State* v. *Neff*, 104 Ohio App. 289; *State* v. *Jennings*, 112 Ohio App. 455, paragraph 3 of the syllabus; *State* v. *Titak*, 75 Ohio Law Abs. 430, paragraphs 2 and 3 of the syllabus; *Lyndhurst* v. *Beaumont*, 84 Ohio Law Abs. 103; 6A Ohio Jurisprudence 625, Automobiles, Section 494. The contrary holding in *Masoncup* v. *State*, 47 Ohio App. 32, is rejected. The foregoing definition, followed by the above judicial precedents cited, other than *Masoncup, supra*, is

accurately, clearly and well expressed in Volume IV, Ohio Jury Instructions 313, Automobiles, Section 423.25, which we highly recommend to be followed in future "driving under the influence" cases.

The incorrect instruction of "under the influence" heretofore quoted and given to the jury by the trial judge in this case was followed by the correct jury instruction (in harmony with the correct rule as discussed in the *Steele, Neff*, and *Jennings* cases, *supra*), which reads as follows:

"Under the influence of intoxicating liquor within the meaning of the ordinance can be defined as 'that condition in which a person has consumed sufficient alcohol as to affect his nervous system, brain, or muscles to the extent as to impair to an appreciable degree his ability to operate a motor vehicle in the manner that an ordinary, prudent and cautious man in the full possession of his faculties would drive or operate a similar vehicle.' "

However, a jury instruction embodying a correct rule of law preceded or followed by a jury instruction of an incorrect rule of law on the same subject does not cure the error. *State* v. *Jennings, supra* at page 457; 15 Ohio Jurisprudence 2d 736, Criminal Law, Section 569.

The defendant also claims as error the admission over objection of the opinion by a police officer with only 13 months experience that defendant was under the influence of alcohol. Defendant contends that no qualifications of the police officer as an expert on the subject of insobriety was shown; and, therefore, his opinion as an expert that defendant was not sober should have been excluded, or, in the alternative, that the court should have instructed the jury that it should consider his testimony as an ordinary layman and not as an expert. This claimed error is without merit. An opinion by any person concerning the lack of sobriety of a defendant is admissible in evidence without the witness first being qualified as an expert, so long as that person in all probability has had sufficient experience with intoxicated persons to be qualified to form and express an opinion and has had an opportunity to observe

the defendant. For that reason, no cautionary instruction on the non-expert status of the witness is required. *State v. Ezoto*, 116 Ohio App. 1; *State, v. Moore*, 74 Ohio Law Abs. 116, paragraph 7 of the syllabus; 6A Ohio Jurisprudence 2d 628, Automobiles, Section 495; 21 Ohio Jurisprudence 2d 520, Evidence, Section 496; 31 American Jurisprudence 2d 622, Expert and Opinion Evidence, Section 101, footnote 8. Even if such an instruction were required, at most it was an error of omission, and was waived by the defendant not specifically requesting the trial judge to give a cautionary instruction thereon.

The jury verdict is supported by the evidence and the assigned error which contends that the jury verdict is against the weight of the evidence is without merit.

The several errors in the jury instructions as previously discussed, considered in their totality, are sufficiently extensive to be deemed prejudicial to the defendant, and require a reversal of the conviction and a new trial.

The judgment of the Municipal Court of Toledo on the jury verdict, and the sentence, is reversed with the costs to plaintiff and the cause is remanded for a new trial.

*Judgment reversed.*

POTTER, P. J., and WILEY, J., concur.