OPINION
On appeal appellant, Charles L. Biggert, Jr., sets forth the following two assignments of error:
 "I. THE JURY INSTRUCTION REGARDING THE DEFINITION OF `UNDER THE INFLUENCE OF ALCOHOL' WAS INCORRECT AS A MATTER OF LAW AND CONSTITUTED PLAIN ERROR.
 "II. THE FAILURE TO OBJECT TO THE ERRONEOUS JURY INSTRUCTION CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL."
The facts which are relevant to the issues raised on appeal are as follows. On March 29, 1997, appellant was arrested and charged with speeding and driving a motor vehicle while under the influence of alcohol. On May 8, 1997, a jury trial was held, at which Sergeant John Levorchick of the Ottawa County Sheriff's Department testified that he had clocked appellant's speed by radar at seventy-four m.p.h. After stopping appellant, Sergeant Levorchick administered a field sobriety test to appellant and, upon being taken to the Oak Harbor Police Department, appellant refused to take a breathalyzer test. Sergeant Levorchick further testified that before stopping appellant, he noticed that appellant swerved slightly in his own lane of traffic; however, except for the swerve of appellant's vehicle and its apparent excessive speed, he had no indication that appellant was driving while under the influence of alcohol. Levorchick also testified that before he stopped appellant, appellant had negotiated several sharp curves on State Route 163 without difficulty.
Levorchick stated that after he stopped appellant he noticed an odor of alcohol on appellant's person, appellant told him that he had had four drinks at the Anchor Inn before getting into his vehicle, and when appellant exited the vehicle he "staggered." He also stated that during the field sobriety tests appellant missed the tip of his nose on two out of four tries, he could not stand on one leg for more than three seconds, he "hesitated" twice when reciting the alphabet, he was "unsteady" during the walk-and-turn test, and he had six indicators on the horizontal gaze nystagmus test.
On cross-examination, Levorchick testified extensively as to how the sobriety tests are normally performed and stated that, during the tests, he did not notice anything unusual about appellant's speech or dress. He also stated that appellant appeared to understand his Miranda rights when they were given, and that he understood the consequences of refusing to take the breathalyzer test.
Patrolman David Shinaver of the Oak Harbor Police Department, who provided backup to Levorchick during appellant's arrest, testified at trial that he watched Levorchick administer the field sobriety tests to appellant, and that appellant "didn't have really good balance" while performing the tests. Shinaver also testified that he was not close enough to appellant to smell the odor of alcohol, he did not remember how appellant performed on the walk-and-turn test, and he noticed nothing unusual about appellant's speech. Shinaver stated that appellant "stumbled" upon exiting his vehicle, and "fumbled" with his wallet and some papers that were on his lap.
At the close of the state's evidence, the trial court charged the jury, the relevant portion of which is as follows:
 "The State has accused the Defendant of operating a motor vehicle while under the influence of an alcoholic beverage. Before you can find the Defendant guilty, you must find beyond a reasonable doubt that the Defendant was while operating a motor vehicle then under the influence of alcohol to such an extent that the Defendant's ability to operate the vehicle was impaired.
 "A person is under the influence of alcoholic beverage when he or she has consumed an alcoholic beverage to such an extent as to impair the person's ability to operate a motor vehicle.
 "Under the influence of alcohol means that the person has consumed some alcohol, whether mild or potent, in such a quantity, whether small or great, that it adversely affected and impaired the person's actions, reactions or mental processes under the circumstances then existing and deprived that person of the clearness of the intellect and control which he otherwise may have been possessed.
"* * *
 "If the consumption of alcohol so affected the nervous system, brain, muscles or judgment of Defendant as to impair that person's ability to operate the vehicle, then the Defendant was under the influence of alcohol."
Appellant's trial counsel did not object to the jury instructions.
During deliberations, jury members asked the trial court to repeat its definition of under the influence, and the trial court responded by re-reading the above-quoted instruction. After further deliberation, the jury found appellant guilty of driving a vehicle while under the influence of alcohol, and the trial court found appellant guilty of speeding. On the same day, the trial court sentenced appellant to pay a fine of $600, suspended his driver's license for one year, and ordered him to serve ninety days in the Ottawa County Detention Facility, seventy-five days of which were suspended. On June 9, 1997, appellant filed a timely notice of appeal.[1]
Appellant asserts in his first assignment of error that the above-quoted jury instruction "was incorrect as a matter of law and constituted plain error" because it failed to advise the jury that appellant must be affected "to an appreciable degree" in the operation of his automobile before he may be found guilty of driving while under the influence of alcohol.
Generally, "[i]n charging the jury, the court must state to it all matters of law necessary for the information of the jury in giving its verdict.* * *" R.C. 2945.11. In this case, however, appellant concedes that his trial counsel did not object to the jury instructions, a required by Crim.R. 30(A). It is well settled that failure to object to jury instructions, as required by Crim.R. 30, constitutes a waiver of any claim of error on appeal unless the absence of such instruction rises to the level of plain error. State v. Williford (1990), 49 Ohio St.3d 247,251; State v. Underwood (1983), 3 Ohio St.3d 12; State v. Long
(1978), 53 Ohio St.2d 91. An appellate court that reviews a proceeding for plain error must examine the evidence admitted at trial and determine whether the jury would have convicted the defendant even if the error had not occurred. State v. Slagle
(1992), 65 Ohio St.3d 597, 605.
As previously stated, in this case, the trial court failed to instruct the jury that to be "under the influence of alcohol" appellant must be impaired in the operation of his vehicle "to an appreciable degree."
1 Ohio Jury Instructions (1997), Section 545.25 states, in relevant part, that:
 "6. UNDER THE INFLUENCE `Under the influence' means that the defendant consumed some (alcohol) * * *, whether mild or potent, in such a quantity, whether small or great, that it adversely affected and appreciably impaired the defendant's actions, reaction, or mental processes under the circumstances then existing and deprived him of that clearness of intellect and control of himself which he would otherwise have possessed. The question is not how much (alcohol) * * * would affect an ordinary person. The question is what effect did any (alcohol) * * *, consumed by the defendant, have on him at the time and place involved. If the consumption of (alcohol) * * * so affected the nervous system, brain, or muscles of the defendant so as to impair, to an appreciable degree, his ability to operate the vehicle, then the defendant was under the influence."
This court has held that a jury instruction defining "under the influence of intoxicating liquor" which falls short of informing the jury that the law requires the imbiber to be affected by the imbibing to an appreciable degree in the operation of his automobile is erroneous as a matter of law. Toledo v.Starks (1971), 25 Ohio App.2d 162, 166.
As to the effect of the trial court's erroneous instruction, the record reveals that the jury had difficulty deciding the issue of whether appellant was "under the influence," as evidenced by its request to the have the instruction repeated by the trial court. In addition, we note that a definitive statement that appellant was clearly intoxicated at the time of his arrest is conspicuously absent from the testimony of the two arresting officers.
Upon consideration of the entire record of proceedings which was before the trial court, this court finds that the error in the jury instruction, as previously discussed, was such that we cannot determine that the jury would have convicted appellant even if it had not occurred. Accordingly, the trial court's giving of the instruction constituted plain error and appellant's first assignment of error is well-taken.
Upon consideration of our disposition of appellant's first assignment of error, we find his second assignment of error to be moot and therefore not well-taken.
Upon consideration whereof, this court finds further that appellant was prejudiced and prevent from having a fair trial, and the judgment of the Ottawa County Municipal Court is hereby reversed, and the case is remanded to the trial court for a new trial. Court costs of these proceedings are assessed to appellee, the state of Ohio.
JUDGMENT REVERSED
 Peter M. Handwork, P.J.
 George M. Glasser, J.
 Melvin L. Resnick, J.
CONCUR.
[1] Appellant originally appealed to this court from both of his convictions; however, appellant states in his appellate brief that he "now abandons" his appeal from the conviction for speeding.