OPINION
Defendant-appellant Nolan P. Littleton appeals the May 14, 2001 Judgment Entry of the Fairfield County Municipal Court which found him guilty of operating a motor vehicle while intoxicated and sentenced him accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On January 28, 2001, Trooper Donald Justice of the Ohio State Highway Patrol stopped appellant's vehicle. In a one and one-half mile stretch, Trooper Justice observed appellant go left of center by approximately 8 inches on two occasions, and over the right edge line once. After stopping appellant, Trooper Justice noticed an odor of alcohol and asked appellant if he had been drinking. Appellant admitted he had consumed two beers before driving.
Trooper Justice administered two standard field sobriety tests, the horizontal gaze nystagmus and the one leg stand. Because he found six strong clues out of six possible clues indicating intoxication on the horizontal gaze nystagmus test, Trooper Justice decided to administer the one leg stand test as well. Trooper Justice explained how to perform the test and asked appellant if he had any physical problems which would keep him from doing the test. Appellant indicated that he did not, and that he could perform the test.
Appellant also failed the one leg stand test, exhibiting three clues out of a possible three clues indicating intoxication. Trooper Justice arrested appellant and transported him to the Ohio State Highway Patrol post where appellant refused to submit to a chemical breath test.
Trooper Justice charged appellant with driving a motor vehicle while intoxicated, in violation of R.C. 4511.19(A)(1), failure to drive within marked lanes, in violation of R.C. 4513.263, and failure to use a seatbelt, in violation of R.C. 4513.263. Appellant plead not guilty to the charges. On May 14, 2001, the matter proceeded to a trial before the court.
The State presented only the testimony of Trooper Justice. Appellant testified on his own behalf, and additionally offered the testimony of Alice Littleton, his wife, and Jane Ebelin, the bartender at the Old Town Tavern. Mrs. Littleton testified when she picked her husband up at the police station, she did not notice any signs of impairment.
Jane Ebelin, the bartender at the Old Town Tavern, where appellant had been drinking before he was arrested was the next to testify. Ms. Ebelin stated she served appellant two beers between the hours of 1:00 and 3:00 or 4:00 p.m. She stated she knew appellant from his previous patronage at the bar and knew him to be a "slow drinker."[1] She testified appellant left the bar at approximately 6:00 p.m. and at the time, appellant did not appear to be impaired or slurring his words. On cross-examination, Ms. Ebelin conceded she did not know where appellant went at 6:00 p.m. or what he did between the hours of 6:00 and 7:00 p.m., the hour just before appellant was stopped.
Appellant testified he had only two Michelob Light Beers in the 6 to 61/2 hours he was at the Old Town Tavern. He further testified he was on medication for his heart and that his doctor had told him to drink only light beer and no more than two beers at a time. Appellant conceded on direct examination he may have crossed over the center line or the right line, but stated there was no one on the road at the time. He further testified he did not think he drove over the line on the right side of the road.
After hearing the evidence, the trial court found appellant guilty of driving while under the influence of alcohol, and guilty of failure to drive within marked lanes. The trial court dismissed the charge of failure to use a seatbelt. In a May 14, 2001 Judgment Entry, the trial court sentenced appellant to 90 days with 87 days suspended on condition of two years good behavior, issued a one year license suspension, and fined appellant $400.
It is from this judgment entry appellant prosecutes his appeal, assigning the following error for our review:
 THE TRIAL COURT'S VERDICT FINDING DEFENDANT GUILTY OF OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND NOT SUPPORTED BY SUFFICIENT EVIDENCE.
 I
In appellant's sole assignment of error, he maintains the trial court erred in finding him guilty of operating a motor vehicle while under the influence of alcohol as the verdict was against the manifest weight of the evidence and unsupported by sufficient evidence. We disagree.
In State v. Jenks[2], the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[3]
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment.[4] Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact.[5]
R.C. 4511.19 defines the crime of driving while under the influence of alcohol. The statute states, in relevant part:
 (A) No person shall operate any vehicle * * * within this state, if any of the following apply:
 (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;
To determine if reasonable grounds existed to believe a person was operating a motor vehicle under the influence of alcohol, a court must apply a totality-of-the-circumstances test.[6] In Toledo v.Starks[7], the court defined the term "under the influence" as follows: ". . . the condition in which a person finds himself after having consumed some intoxicating beverage in such quantity that its effect on him adversely affects his actions, reactions, conduct, movement or mental processes or impairs his reactions to an appreciable degree, thereby lessening his ability to operate a motor vehicle."[8]
Lack of coordination is an indication of being under the influence.[9]
The field sobriety tests evaluate one's coordination and movements so as to indicate whether one's actions, reactions, conduct, movement or mental processes are impaired to an appreciable degree so as to demonstrate if one is "under the influence" to a degree to impair one's ability to drive a motor vehicle.[10]
Appellant submits the trial court's verdict should be overturned for six reasons. First, appellant maintains the fact the appellant may have crossed the center line by eight inches on two occasions and the right line on one occasion did not indicate he was driving while impaired. Second, appellant points out the State presented no evidence to contradict testimony appellant had had only two beers over a period of 5 to 6 hours, an amount insufficient to cause impairment. Third, while apparently conceding his failure of the two field sobriety tests, appellant states Trooper Justice had no "other evidence of impairment." Fourth, appellant maintains his poor performance on the field sobriety test could be explained by his advanced age and health conditions. Fifth, appellant maintains the State failed to contradict the testimony of his wife and Ms. Ebelin, both of whom testified appellant did not exhibit signs of impairment. Finally, appellant maintains if the trial court's verdict was based partly on appellant's use of medication, in addition to his consumption of two beers, the trial court made no specific findings the medication appellant was taking was a "drug of abuse" as required by R.C. 3719.011.
We find there was sufficient evidence from which the trial court could conclude appellant was under the influence of alcohol. Appellant was unable to keep his vehicle within his own lane of travel on three occasions within a 1 ½ mile distance. When Trooper Justice approached the vehicle, he smelled an odor of alcohol. Trooper Justice testified this odor emanated from appellant. Trooper Justice further testified, he smelled the odor of alcohol continuously from the stop, through the field sobriety tests, to appellant's refusal of the breath test at the station. As noted above, appellant failed both field sobriety tests. When examining the totality of the circumstances, we find that the trial court's decision appellant was driving under the influence was neither based on insufficient evidence nor against the manifest weight of the evidence. While appellant may not have displayed every possible indication of intoxication, and while there are always possible explanations for certain behaviors and characteristics other than intoxication, we find there were sufficient indications of impairment to justify the guilty verdict. Further, when examining the entire record, and considering the credibility of the witnesses, we cannot find the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed.
Appellant's sole assignment of error is overruled.
The May 14, 2001 Judgment Entry of the Fairfield County Municipal Court is affirmed.
By: HOFFMAN, P.J., GWIN, J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Municipal Court is affirmed. Costs assessed to appellant.
[1] Tr. at 86.
[2] State v. Jenks (1981), 61 Ohio St.3d 259.
[3] Jenks, supra, at paragraph two of the syllabus.
[4] State v. Thompkins (1997), 78 Ohio St.3d 380, 387 citing State v.Martin (1983), 20 Ohio App.3d 172, 175.
[5] State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
[6] State v. McCaig (1988) 51 Ohio App.3d 94.
[7] Toledo v. Starks (1971), 25 Ohio App.2d 162, 267 N.E.2d 824.
[8] Id. at 166.
[9] See State v. Lake (Sept. 26, 2000), Morgan App. No. 99CA10, unreported.
[10] State v. Barrett (Feb. 26, 2001), Licking App. No. 00CA47, unreported.