OPINION
{¶ 1} On April 4, 2002, Ohio State Highway Patrol Trooper Glascox stopped appellant, Daniel Weirtz, for speeding and weaving in his lane. Trooper Glascox conducted the walk and turn test and the one-leg stand test. Thereafter, Trooper Glascox cited appellant for driving under the influence in violation of R.C. 4511.19, marked lanes in violation of R.C. 4511.33, reckless operation in violation of R.C. 4511.20 and speeding in violation of R.C. 4511.21.
 {¶ 2} On April 15, 2002, appellee filed a motion to suppress, claiming lack of probable cause to arrest. A hearing was held on May 17, 2002. By judgment entry filed May 21, 2002, the trial court denied the motion to suppress, but found the field sobriety tests were not conducted in accordance with NHTSA standards. On June 5, 2002, the trial court filed an additional judgment entry, suppressing the results of the tests for trial purposes.
 {¶ 3} Appellant, the State of Ohio, filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 {¶ 4} "THE TRIAL COURT ERRED IN SUPPRESSING THE WALK AND TURN AND ONE LEG STAND TEST EVIDENCE FOR PURPOSES OF TRIAL."
 I {¶ 5} Appellant claims the trial court erred in suppressing the results of the field sobriety tests for purposes of trial pursuant toState v. Homan, 89 Ohio St.3d 421, 2000-Ohio-212, and State v. Bresson
(1990), 51 Ohio St.3d 123. We agree in part.
 {¶ 6} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; Statev. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger.
 {¶ 7} Appellant claims the trial court erred in applying theHoman test to the facts sub judice. In Homan at paragraph one of the syllabus, the Supreme Court of Ohio held "[i]n order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures." The Homan court, at 424, reasoned "[w]hen field sobriety testing is conducted in a manner that departs from established methods and procedures, the results are inherently unreliable." We note Homan's holding is limited to determinations of probable cause, and this case involves admissibility for use at trial. InHoman at 429, Judge Rocco, sitting for Justice Resnick, wrote a concurring opinion wherein he stated he "would extend the court's holding here to explicitly state that field sobriety test results are admissible at trial only if the officer strictly complied with standardized testing procedures."
 {¶ 8} In State v. Schmitt, Mercer App. No. 10-01-16, 2002-Ohio-4615, the Third District examined this issue and excluded the tests from trial. In so holding, the Schmitt court found the following at ¶ 15:
 {¶ 9} "In sum, it seems to us that if the results of an improperly conducted test are deemed unreliable under the Homan decision, then the conduct of a suspect during that test must be considered inherently unreliable as well. Moreover, if such conduct is deemed unworthy as a matter of law for a police officer to rely upon in determining probable cause under the Homan decision, we are not persuaded that the same conduct should become worthy for the jury to consider and quite possibly rely upon in determining guilt beyond a reasonable doubt at trial." (Emphasis sic.)
 {¶ 10} The Schmitt court at ¶ 16 reasoned "that where a recognized NHTSA field test is conducted in a manner that fails to comply with NHTSA standards, the reliability of the entire test process is called into question." Cases out of the Second District and Tenth District are in accord. See, State v. Brandenburg, Montgomery App. No. 18836, 2002-Ohio-912; State v. Pingor, Franklin App. No. 01AP-302, 2001-Ohio-4088.
 {¶ 11} However, in Schmitt, Judge Hadley dissented, stating at ¶ 17 "I believe that a defendant's performance on certain field sobriety tests should be admissible at trial as lay evidence of a defendant's impairment." Judge Hadley would allow the admissibility of "so-called psychomotor field sobriety tests" such as the walk and turn test and the one leg stand test as opposed to the "scientific" "horizontal gaze nystagmus test," reasoning "performance of the psychomotor tests involves observations that parallel those that a layperson would make in assessing an individual's sobriety." Schmitt at ¶ 18 and 20. Judge Hadley explained the following at ¶ 19:
 {¶ 12} "It is worth noting at the outset that intoxication or lack thereof is generally recognized by courts as being within the experience of lay witnesses. In fact, the Supreme Court of Ohio held that virtually any lay witness, without special qualifications, can testify as to whether an individual is or was intoxicated. * * * It is also well established that a police officer may provide lay testimony as to his or her opinion regarding a defendant's lack of sobriety. * * * Much of a defendant's performance on psychomotor field sobriety tests fall within the realm of the common perception of sobriety or inebriation. Accordingly, it seems reasonable to allow an officer to testify to a defendant's performance on these tests as a lay witness." (Footnotes omitted.)
 {¶ 13} Judge Hadley concluded for tests not conducted in strict compliance with NHTSA guidelines, "the administering officer should not be permitted to take the stand as an expert witness and testify that he observed all of the indicators of drunkenness. However, he should be able to testify as a lay witness regarding the defendant's performance on the test." Schmitt at ¶ 21.
 {¶ 14} All of the reasoning given for and against admissibility is persuasive. However, we find the better reasoning to be that of Judge Hadley for the following reasons.
 {¶ 15} Under Evid.R. 701, a lay witness can give opinion testimony if the opinion is "rationally based on the perception of the witness" and is "helpful to a clear understanding of his testimony or the determination of a fact in issue." In City of Toledo v. Starks (1971),25 Ohio App.2d 162, 167-168, our brethren from the Sixth District reasoned "[a]n opinion by any person concerning the lack of sobriety of a defendant is admissible in evidence without the witness first being qualified as an expert, so long as that person in all probability has had sufficient experience with intoxicated persons to be qualified to form and express an opinion and has had an opportunity to observe the defendant." It is well established that a police officer may provide lay testimony under Evid.R. 701 regarding a defendant's state of intoxication. In Re: Kurt R. Litterst, Juvenile Traffic Offender (June 26, 1998), Lake App. Nos. 97-L-135, 97-L-136.
 {¶ 16} We are cognizant of the majority's concern in Schmitt in "allowing case law to evolve in this area based entirely upon the efforts of individual trial courts to separate prejudicial evidence of unreliable test results from evidence of a suspect's performance on the same test, on a case-by-case basis." Schmitt at ¶ 13. However, the determination as to whether or not to admit evidence is left to the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173. Any testimony concerning the defendant's performance would be subjected to cross-examination and defense counsel could question any inadequacy regarding the administration of the tests. Upon conviction, the presentation of this evidence could then be subjected to appellate review as a discretionary evidentiary ruling.
 {¶ 17} Lastly, we note the Homan majority chose not to adopt Judge Rocco's concurring opinion and extend their holding to use at trial.
 {¶ 18} In the case sub judice, Trooper Glascox may not testify concerning the results of the walk and turn test and the one leg stand test, but may testify regarding appellee's performance therein, subject to the trial court's discretion.
 {¶ 19} The sole assignment of error is granted in part.
 {¶ 20} The judgment of the Municipal Court of Delaware County, Ohio is hereby reversed.
By Farmer, J. and Wise, J. concur. Hoffman, P.J. dissents.
topic: state's appeal on motion to suppress field sobriety tests for use at trial.