[Cite as *State v. Edwards*, 2022-Ohio-3534.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 21CA0083 |
| | : | |
| MARK EDWARDS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Licking County Court of
Common Pleas, Case No. 21CR29

JUDGMENT:    AFFIRMED

DATE OF JUDGMENT ENTRY:    September 30, 2022

APPEARANCES:

For Plaintiff-Appellee:

WILLIAM C. HAYES
LICKING CO. PROSECUTOR
CLIFFORD J. MURPHY
20 North Second St., 4th Floor
Newark, OH 43055

For Defendant-Appellant:

WILLIAM T. CRAMER
470 Olde Worthington Road, Suite 200
Westerville, OH 43082

*Delaney, J.*

{¶1} Appellant Mark Edwards appeals from the October 14, 2021 Judgment Entry of the Licking County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The following evidence is adduced from the record of appellant's jury trial.

{¶3} This case arose on September 9, 2020, around 1:30 p.m., when Sgt. Kaitlin Fuller of the Ohio State Highway Patrol was monitoring traffic and observed a 1995 GMC Jimmy operating with a loud muffler. Fuller also observed the Jimmy touch the dotted white line, and the yellow line, within its lane of travel. The driver was not wearing a seat belt.

{¶4} Fuller initiated a traffic stop of the vehicle and appellant, the driver, immediately pulled over. Appellant was unable to open the driver's-side window because it was broken, so he opened the door. Fuller observed a strong odor of gasoline. Appellant agreed with Fuller that "the muffler was about to fall off" the vehicle, which belonged to appellant's girlfriend.

{¶5} During the ensuing conversation, appellant said he didn't know his Social Security number, and gave Fuller the wrong birthdate "due to Alzheimers." Ultimately Fuller discovered appellant's license had several suspensions against it, including noncompliance; she also discovered appellant had 11 prior O.V.I. convictions, including five in the last twenty years. Upon Fuller's second approach to the vehicle, she noticed appellant lit a cigarette, and she noticed a "slight" odor of an alcoholic beverage. When she asked appellant if he had anything to drink, at first, he denied it, but later said he

drank two bottled Bud Lights around 10:00 a.m.  Also during their conversation, appellant blurted out spontaneously, "I'm not drunk."

{¶6} Fuller decided to administer standardized field-sobriety tests which were not successful. When she attempted to administer the horizontal gaze nystagmus test, appellant would not focus on the stimulus, to the extent that Fuller concluded he was evading the test. She moved on to the walk-and-turn test, but appellant was unable to stand in position and started the test without waiting for instructions. He was unsteady on his feet and his legs were shaking, but he said it was from nervousness. Fuller also administered two non-standardized field sobriety tests, but appellant was unable to complete both so the results were not helpful.  Appellant said he had a variety of medical conditions that affected his memory and balance, among other things.

{¶7} Fuller arrested appellant based upon the totality of the circumstances and her conclusion that he was under the influence. A urine test was administered, but the result was suppressed and not entered at trial.

{¶8} Dr. Michael Martin was the sole defense witness.  He is a family practitioner who has treated appellant for 10 to 15 years; appellant visits approximately every three months because he has numerous health issues. He has had at least one stroke and has a history of coronary disease, emphysema, and a seizure disorder.  He is on a variety of medications and should not drink at all.  Dr. Martin testified about case notes indicating appellant had a visit in May 2021, eight months after the traffic stop and O.V.I. arrest.  At that time, appellant told Martin he "got drunk" one day in September, failed field sobriety tests during a traffic stop the next day, but hasn't had a drink since. Martin was careful to say that he didn't know whether appellant was under the influence on the day in

question and could only testify generally to appellant's overall health. On cross-examination, Martin acknowledged appellant's health history includes alcohol dependence, another reason why he should not drink at all.

{¶9} Appellant was charged by indictment with one count of OVI pursuant to R.C. 4511.19(A)(1)(a)(G)(1)(e)(i) and one count of OVI pursuant to R.C. 4511.19(A)(1)(e)(G)(1)(e)(i), both felonies of the third degree. The indictment also contained a multiple-OVI specification pursuant to R.C. 2941.1415(A). Appellant entered pleas of not guilty and filed a motion to suppress evidence of his stop, arrest, and urine screen. Appellee responded to appellant's motion to suppress with a memorandum in opposition.

{¶10} The matter was scheduled for a suppression hearing on April 15, 2021. Appellee filed a post-hearing brief on the issue of transportation of the urine specimen. On April 28, 2021, the trial court filed a judgment entry overruling appellant's motion to suppress in part and granting it in part. Appellant's urine test result was suppressed due to handling of the sample.

{¶11} On June 10, 2021, appellee filed an amended indictment charging appellant with a single count of OVI pursuant to R.C. 4511.19(A)(1)(a)(G)(1)(e)(i) and a multiple-OVI specification pursuant to R.C. 2941.1415(A). The offense is a felony of the third degree.

{¶12} The matter proceeded to trial by jury on October 13, 2021 and appellant was found guilty as charged. The trial court sentenced appellant to a total aggregate prison term of three years.

{¶13} Appellant now appeals from the judgment entry of conviction and sentence.

{¶14} Appellant raises three assignments of error:

## ASSIGNMENTS OF ERROR

{¶15} "I. THE WEIGHT OF THE EVIDENCE DID NOT SUPPORT THE CONVICTION FOR OPERATING A VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL OR DRUGS."

{¶16} "II. APPELLANT'S CONSTITUTIONAL RIGHTS TO A FAIR TRIAL UNDER THE FEDERAL AND STATE CONSTITUTIONS WERE VIOLATED BY PROSECUTORIAL MISCONDUCT DURING CLOSING ARGUMENT."

{¶17} "III. APPELLANT'S RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE FEDERAL AND STATE CONSTITUTIONS WERE VIOLATED BY DEFENSE COUNSEL'S FAILURE TO OBJECT TO PROSECUTORIAL MISCONDUCT DURING CLOSING ARGUMENTS."

## ANALYSIS

### I.

{¶18} In his first assignment of error, appellant argues his O.V.I. conviction is against the manifest weight of the evidence. We disagree.

{¶19} R.C. 4511.19(A)(1)(a), which states in pertinent part: No person shall operate any vehicle* * * within this state, if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." The jury also found that appellant had five O.V.I. convictions within the last five years pursuant to the specification in the indictment pursuant to R.C. 2941.1415(A). Appellant does not contest the jury's finding as to his prior convictions.

{¶20} Appellant points to our prior decision in *State v. Carozza*, 5th Dist. No. 14-COA-028, 2015-Ohio-1783, 33 N.E.3d 556, at ¶ 22, in which we observed:

{¶21} The phrase "under the influence of intoxicating liquor" has been defined as "[t]he condition in which a person finds himself after having consumed some intoxicating beverage in such quantity that its effect on him adversely affects his actions, reactions, conduct, movement or mental processes or impairs his reactions to an appreciable degree, thereby lessening his ability to operate a motor vehicle." *Toledo v. Starks*, [25 Ohio App.2d 162, 166, 267 N.E.2d 824 (1971)]. See, also, *State v. Steele*, [95 Ohio App. 107, 111, 117 N.E.2d 617 (1952)] ("[B]eing 'under the influence of alcohol or intoxicating liquor' means that the accused must have consumed some intoxicating beverage, whether mild or potent, and in such quantity, whether small or great, that the effect thereof on him was to adversely affect his actions, reactions, conduct, movements or mental processes, or to impair his reactions, under the circumstances then existing so as to deprive him of that clearness of the intellect and control of himself which he would otherwise possess"). See, *State v. Henderson,* 5th Dist. Stark No. 2004–CA–00215, 2005-Ohio-1644, ¶ 32. [Citing *State v. Barrett,* 5th Dist. Licking No. 00 CA 47, 2001 WL 194782 (Feb. 26, 2001)].

{¶22} In the instant case, appellant argues, the weight of the evidence does not support the jury's finding that appellant was appreciably impaired. In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a

manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶23} Appellant concedes, however, that his vehicle touched the center line in the cruiser camera video; the trooper noted a "slight" odor of an alcoholic beverage and drawn-out, slow speech; appellant admitted consuming only two beers over three hours before the stop; and appellant's performance on the field sobriety tests, while poor, could be explained by his poor physical health. Appellant fails to note that each of these factors could be explained by impairment by alcohol or other drugs. Appellant completely ignores other evidence in the record, however, including appellant's obfuscations about his license status; his lack of cooperation on the field sobriety tests including the HGN; his volunteered statement that "I'm not drunk;" his inability to complete the walk-and-turn test because of shaking legs; his statement of the wrong date of birth because of "memory problems;" and his claim that he doesn't know his social security number. Looking at the totality of the circumstances, the jury could reasonably find appellant was impaired at the time of the traffic stop.

{¶24} At trial, appellant argued that his instability and difficulty with field sobriety tests was due to a variety of medical conditions, including strokes. Appellant offered a strange piece of evidence to corroborate his medical-condition defense: a statement from his family doctor, dated eight months after the traffic stop, in which appellant reported that he had been drunk on the day before the traffic stop and the next day, he failed field-

sobriety tests. Appellant's family doctor was the only defense witness; he testified to a variety of debilitating medical conditions suffered by appellant, and a number of medications which adversely affect his ability to drive. The doctor was careful to say he could not comment on appellant's balance and coordination, but if appellant's balance was "tested," he could fall short based upon his history of strokes.

{¶25} Upon cross-examination, however, the doctor agreed that one of appellant's medical conditions is alcohol dependence, and that appellant should not drink at all for many reasons. Alcohol consumption would affect appellant's ability to drive, the doctor noted; alcohol consumption would magnify every condition appellant has. The doctor's testimony highlights the significance of appellant's claim to the doctor that he was purportedly drunk the day before the stop, and his admission to the trooper that he had two beers on the morning of the stop.

{¶26} The jury had the opportunity to listen to the witnesses and view the video of the stop, and to weigh the competing explanations for appellant's evident difficulties in his interactions with Sgt. Fuller: was he under the influence of alcohol or another drug, or simply in poor physical condition? The jury could reasonably conclude the former explanation was more likely. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182, 189, 552 N.E.2d 180 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

{¶27} Upon review, we decline to second-guess the credibility determinations of the jury in this matter. This is not an " 'exceptional case in which the evidence weighs

heavily against the conviction.' " *Thompkins*, 78 Ohio St.3d at 387, quoting *Martin*, 20 Ohio App.3d at 175.

{¶28} The trial court neither lost its way nor created a miscarriage of justice in convicting appellant of O.V.I, and appellee presented evidence of his guilt beyond a reasonable doubt.

{¶29} Appellant's first assignment of error is overruled.

II.

{¶30} In his second assignment of error, appellant argues his constitutional rights were violated by prosecutorial misconduct during closing argument.  We disagree.

{¶31} In his second assignment of error, appellant points to the following statements by the prosecutor during closing argument, asserting the statements constitute prosecutorial misconduct:

> * * * *. Proof beyond a reasonable doubt is proof of such character that an ordinary person would be willing to rely upon it in the most important of their own affairs. The most important of your own affairs is everyone sitting on this panel has operated a motor vehicle on a roadway, and you and I do the same thing every day. We take into consideration that other people will be following the rules and doing what they're supposed to be doing and have the vehicle under control. And part of what you're being asked [is] the Defendant in your opinion from the facts presented that type of person, or is he not.  And why it's important is because forgetfulness is not an issue according to the doctor. * * * *.

T. 184-185.

{¶32} Appellant argues this statement asks the jury to make an explicit character judgment about appellant, as to whether he is the type of person who will "follow the rules of the road." In the context of the entire argument, we do not find this comment improper. We find that it doesn't ask the jury to judge appellant's character so much as the entire presentation of appellant that they observed on the video: from the apparent physical issues to the alleged forgetfulness about birthdate, SSN, and license status, to whether or not he drank that day. The prosecutor essentially asked the jury whether this is a person who should be sharing a road with them.

{¶33} We do not discern, and appellant does not reveal, on what basis defense trial counsel should have objected to this statement. Nevertheless, for the purpose of our review, defense trial counsel failed to object and bring the alleged error to the attention of the trial court, therefore appellant has waived all but plain error review. Under the plain error rule, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). The rule places the following limitations on a reviewing court's determination to correct an error despite the absence of timely objections at trial: (1) "there must be an error, i.e. a deviation from a legal rule," (2) "the error must be plain," that is an error that constitutes "an 'obvious' defect in the trial proceedings," and (3) the error must have affected "substantial rights" such that "the trial court's error must have affected the outcome of the trial." *State v. Wood*, 5th Dist. Knox No. 20CA000010, 2020-Ohio-4251, 2020 WL 5092841, ¶ 18 citing *State v. Dunn*, 5th Dist. Stark No. 2008-CA-00137, 2009-Ohio-1688, 2009 WL 943968, ¶ 89, citing

*State v. Morales*, 10th Dist. Franklin Nos. 03-AP-318, 2004-Ohio-3391, 2004 WL 1446117, ¶ 19.

{¶34} The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. *Sunbury v. Sullivan*, 5th Dist. Delaware No. 11CAC030025, 2012-Ohio-3699, 2012 WL 3525617, ¶ 30 citing *State v. Lott*, 51 Ohio St.3d 160, 555 N.E.2d 293 (1990). In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial. *Darden v. Wainwright*, 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). A trial is not unfair, if, in the context of the entire trial, it appears clear beyond a reasonable doubt the jury would have found the defendant guilty even without the improper comments. *State v. Treesh*, 90 Ohio St.3d 460, 464, 2001-Ohio-4, 739 N.E.2d 749. Furthermore, both the prosecution and the defense have wide latitude during opening and closing arguments.

{¶35} However, a prosecutor may not express his personal belief or opinion as to the credibility of a witness, the guilt of an accused or allude to matters that are not supported by admissible evidence. *State v. Smith*, 14 Ohio St.3d 13, 14, 470 N.E.2d 883 (1984). The wide latitude given the prosecution during closing arguments "does not 'encompass inviting the jury to reach its decision on matters outside the evidence adduced at trial.' " *State v. Hart*, 8th Dist. No. 79564, 2002-Ohio-1084, at 3, citing *State v. Freeman*, 138 Ohio App.3d 408, 419, 741 N.E.2d 566 (1st Dist. 2000).

{¶36} We find no plain error in admission of the cited comments, in the context of the entire closing argument, and it is evident beyond a reasonable doubt the jury would have found appellant guilty even without the comments.

{¶37} Appellant's second assignment of error is overruled.

III.

{¶38} In appellant's third assignment of error, he contends he did not receive the effective assistance of counsel because counsel did not object to the prosecutor's statement in closing argument cited supra.

{¶39} A claim for ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373(1989).

{¶40} To warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel. *Lockhart v. Fretwell*, 506 U.S. 364, 370, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

{¶41} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "* * * need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, 538 N.E.2d 373, quoting *Strickland* at 697.

{¶42} In light of our conclusion that the prosecutor did not commit misconduct and there was no plain error, we find defense trial counsel did not err in failing to object during closing argument. Appellant was not prejudiced by defense counsel's representation of

him. The result of the trial was not unreliable nor were the proceedings fundamentally unfair because of the performance of defense counsel.

{¶43} Appellant's third assignment of error is overruled.

## CONCLUSION

{¶44} Appellant's three assignments of error are overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, Earle, P.J. and

Baldwin, J., concur.